# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PHILIP TANNENBAUM and<br>ADELE TANNENBAUM,<br><br>Plaintiffs,<br><br>V.<br><br>LAPIN & WIGGINTON ASSET<br>MANAGEMENT L.L.C.; L&W GP, L.L.C.;<br>PREMIER HOLDINGS OF TEXAS, L.P.,<br>dba Money Mortgage, Ltd. and Lapin &<br>Wigginton, Ltd.; PREMIERE HOLDINGS<br>OF TEXAS GP, L.L.C.; DAVID I. LAPIN,<br>Individually and as Member/Manager of<br>LAPIN & WIGGINTON ASSET<br>MANAGEMENT L.L.C.; L&W GP, L.L.C.<br>and PREMIERE HOLDINGS OF TEXAS,<br>L.L.C.; JEFFREY C. WIGGINTON,<br>Individually and as Member/Manager of<br>LAPIN & WIGGINTON ASSET<br>MANAGEMENT, L.L.C.; L&W GP,<br>L.L.C. and PREMIERE HOLDINGS<br>OF TEXAS, L.L.C.; TED S. MURRAY,<br>Individually and as Member/Manager of<br>PREMIERE HOLDINGS OF TEXAS,<br>L.L.C.; LAPIN & WIGGINTON<br>HOLDINGS, INC.; LAPIN &<br>WIGGINTON FUNDING, INC.; and<br>MONEY MORTGAGE CORPORATION<br>OF AMERICA,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | H:01 3800<br><br>United States Courts<br>Southern District of Texas<br>FILED<br><br>NOV 0 2 2001<br><br>Michael N. Milby, Clerk |

## MOTION TO REFER THE CASE TO
## THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

David I. Lapin, Lapin & Wigginton Asset Management L.L.C., L&W GP LLC, and Lapin & Wigginton Holdings, Inc. ("Defendants") file this Motion to Refer the Case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and respectfully show the Court as follows:

## I.
## SUMMARY

6.      Defendants request this Court refer this case to United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Court") so that the Bankruptcy Court may hear these claims as part of Defendants Premiere Holdings of Texas d/b/a Money Mortgage d/b/a Lapin & Wigginton, Ltd. and Ted S. Murray's ("Debtors") Chapter 11 bankruptcy proceedings.

## II.
## BACKGROUND

7.      Premiere Holdings of Texas, LP d/b/a Money Mortgage, Ltd. d/b/a Lapin & Wigginton Ltd., MMCOA, LP, Lapin & Wigginton Funding, LP, #1 Leisure Lakes Ltd. f/k/a Leisure Lakes L.P., and Ted S. Murray's (collectively "the Debtors") bankruptcy cases were commenced by filing voluntary petitions for relief under Chapter 11, Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division on October 2, 2001. Judge Steen certified these cases as complex cases and consolidated all the Debtors to be jointly administered under *In re Premiere Holdings of Texas, LP.,* Case No. 01-40836-H2-11. This Bankruptcy Case is still open and the Bankruptcy Court continues to have original jurisdiction of all related cases under Title 11, and exclusive jurisdiction over all property in the Debtors' estates.

8.      On or about October 2, 2001, Plaintiffs Philip Tannenbaum and Adele L. Tannenbaum ("Plaintiffs") filed an action against the Debtors, their principals, subsidiaries, and related entities in

2

the 61st District Court of Harris County, Texas, Case No. 2001- 50760 (the "State Court Action").

Contemporaneously filed with this Motion, Defendants timely filed their notice of removal, and

removed the State Court Action to this Court ("Removed Action").

9.     On November 1, 2001, Judge Steen named Robert Ogle as the Chapter 11 bankruptcy

trustee ("Trustee"). The Plaintiffs seek, *inter alia*, claims are for the value of their limited partnership

interests. The Trustee is responsible for administering the claims of the Plaintiffs against the Debtors

and selling or servicing loans comprising the assets of the various limited partnership interests.

10.    The Removed Action contains allegations concerning matters that are core

proceedings in the Bankruptcy Case under 28 U.S.C. §157(b)(2)(A), (B) and (O). Because the

Bankruptcy Case is still open, the proper forum for the resolution of the Removed Action is the

United States Bankruptcy Court for the Southern District of Texas, Houston Division, and transfer

to the Bankruptcy Court is both necessary and proper pursuant to this District's Standing Order of

Reference. Furthermore, since two of the named Defendants in the Removed Action – Premiere

Holdings of Texas, LP d/b/a Money Mortgage, Ltd. and d/b/a Lapin & Wigginton, Ltd. and Ted S.

Murray – are Debtors in the consolidated complex case, the Removed Action should be referred to

Bankruptcy Court to avoid the risk and adverse consequences of inconsistent adjudication and to

avoid piecemeal litigation. Moreover, the bankruptcy Trustee is responsible for administering the

assets which are the subject of Plaintiffs' claims and is one of the real parties in interest.

III.
### RELIEF REQUESTED

11.    Defendants seek to have this Court refer the Removed Action to United States

Bankruptcy Court for the Southern District of Texas, Houston Division.

12.    Further, "there is a strong presumption of maintaining venue where the bankruptcy case is pending." *In re Continental Airlines*, 133 B.R. 585, 587 (Bankr. D. Del.1991); *See, e.g., Silverman v. U.W. Marx, Inc., (In re Leco Enter.),* 125 B.R. 385, 392 (S.D.N.Y. 1991)(court transferred venue of adversary proceeding to court where bankruptcy case was pending); *In re Sudbury, Inc.*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993)(same).

13.    The Honorable Wesley Steen, who presides over Premiere's Chapter 11 bankruptcy filing in the Southern District of Texas, has heard numerous other matters in the Bankruptcy Case. As a result, it is in the interest of judicial economy and efficient administration of the Debtor's bankruptcy estate to have the Removed Action heard in conjunction with the existing bankruptcy proceedings. As noted above, such referral is proper pursuant to the Standing Order of Reference.

WHEREFORE, Defendants respectfully request that the Removed Action be referred from to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, to be heard by the Honorable Wesley Steen and further request that this Court enter such further orders as may be necessary and appropriate, and pray for such other and further relief to which they may be justly entitled.

4

Dated this 2 nd day of November, 2001.

RHETT G. CAMPBELL
State Bar No. 03714500
MITCHELL E. AYER
State Bar No. 01465500
600 Jefferson, Suite 800
Houston, Texas 77002
(713) 659-8697
(713) 659-3020-Fax

Of Counsel:

Morris & Campbell
A Professional Corporation
600 Jefferson, Suite 800
Houston, Texas 77002
(713) 659-8697

ATTORNEYS FOR DEFENDANTS DAVID I. LAPIN,
LAPIN & WIGGINTON ASSET MANAGEMENT L.L.C.,
L&W GP LLC, LAPIN & WIGGINTON HOLDINGS, INC.

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the below-listed parties this _2nd_ day of November, 2001, addressed as follows:

Mr. Rolando Garcia
5214 Jackson
Houston, Texas 77004
**Via Fax #603.215.5380**

Mr. Henry Kaim
Mr. Chris Artzer
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
1900 Pennzoil Place - South Tower
711 Louisiana
Houston, Texas 77002
**Via Fax #713.236.0822**

Mr. David Jones
Floyd, Isgur, Rios & Wahrlich, P.C.
700 Louisiana, Suite 4600
Houston, TX 77002-2732
**Via Fax # 713.222.1475**

Mr. Walter Thurmond
622 Lornmead Drive
Houston, Texas 77024
**Via Fax #713.570.5001**

Mr. Bob Ogle
Arthur Andersen
711 Louisiana, Suite 1300
Houston, TX 77002
**Via Fax #713.547.1554**

MITCHELL E. AYER

6